UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MONIQUE BENNETT, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No.: 2:15-cv-00575-GMN-GWF |
| ) | |
| THE PRIMADONNA COMPANY, L.L.C., a ) | **ORDER** |
| Nevada limited liability company, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Motion for Leave to File a First Amended Complaint (ECF No. 22) filed by Plaintiff Monique Bennett ("Plaintiff"). Defendant Primadonna Company, LLC ("Defendant") filed a Response (ECF No. 23), and Plaintiff filed a Reply (ECF No. 24). For the reasons discussed below, Plaintiff's Motion is **GRANTED**.

I.   **BACKGROUND**

This case arises out of Plaintiff's allegations that Defendant violated Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq*., and related Nevada disability laws. (Compl. 3:4–6, ECF No. 1). Plaintiff, who is physically disabled, alleges she visited the Primm Valley Resort and Casino ("Resort") owned and operated by Defendant. (*Id.* 2:5). At this visit, her full and equal enjoyment of the facilities offered by the Resort was allegedly impeded by "multiple barriers" in violation of the ADA. (*Id.* 2:22–27). Plaintiff seeks, *inter alia*, an injunction under the ADA requiring Plaintiff to remove barriers to access related to her disability. (*Id.* 3:2–6).

In the instant Motion, Plaintiff seeks leave to file a First Amended Complaint ("FAC"). (Mot. to Am., ECF No. 22). The proposed FAC alleges that the Resort has additional barriers to access related to Plaintiff's disabilities beyond those identified in the original complaint. (*Id.*

3:6–9). Plaintiff's original complaint included only barriers that Plaintiff personally encountered when visiting the Resort. (Compl. 6:8–16). The additional barriers Plaintiff now seeks to include were identified pursuant to a site-inspection conducted after the filing of the Complaint. (Mot. to Am. 3:5–9). The instant Motion was filed on November 2, 2015, prior to the Court's deadline for requests to amend the pleadings in this case. (Sched. Ord. 1:21, ECF No. 19).

## II.   LEGAL STANDARD

Once the time period to amend as a matter of course in Rule 15(a)(1) of the Federal Rules of Civil Procedure has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, Rule 15(a)(2) further instructs that courts "should freely give leave [to amend] when justice so requires." *Id*. "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.   DISCUSSION

Defendant asserts that the instant Motion should be denied, arguing that the proposed FAC would impose undue prejudice and that Plaintiff has exhibited bad faith. (Resp. 3:26–28, ECF No. 23). However, Defendant fails to explain any prejudice resulting from amendment except that "Defendant's motion to dismiss is currently pending . . . ." (*Id.* 3:27–28). The mere fact that the proposed FAC moots the pending Motion to Dismiss does not warrant a finding of undue prejudice. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987) ("Where the underlying facts or circumstances of a case may be a proper subject of relief, a plaintiff ought to be afforded an opportunity to test his claim on the merits."). As this case is

still in discovery and Plaintiff's Motion was filed prior to the relevant deadline, the Court finds that Defendant will not suffer prejudice as a result of amending the Complaint.

Moreover, even if Plaintiff was motivated in part by the Motion to Dismiss to address defects in the Complaint, "Plaintiff's lack of candor regarding the purpose of the amendments" is no cause to deny leave to amend on the basis of bad faith. (Resp. 5:9, ECF No. 23).  Leave to amend may be denied where the amendment is introduced to cause a delay in proceedings or for some other improper purpose. *See Foman,* 371 U.S. at 182; *Acri v. Int'l Ass'n of Machinists & Aerospace Workers,* 781 F.2d 1393, 1398–99 (9th Cir. 1986) (finding bad faith where plaintiff's motion to amend was brought "to avoid the possibility of an adverse summary judgment ruling" and would prejudice defendant by requiring re-opening of discovery).  There is no indication that Plaintiff's Motion is brought in such a manner.  Defendant has therefore failed to demonstrate that the Court should deny leave to amend due to bad faith.

Accordingly, the Court will grant Plaintiff's Motion for Leave to File a First Amended Complaint.  As the pending Motion to Dismiss relates to the Complaint, it will be denied as moot.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File a First Amended Complaint (ECF No. 22) is **GRANTED**.  Plaintiff shall have fourteen days from the filing date of this Order to file her First Amended Complaint.

**IT IS FURTHER ORDERED** that the pending Motion to Dismiss (ECF No. 12) is **DENIED without prejudice** as moot.

**DATED** this ___1__ day of March, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court