UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MONIQUE BENNETT, an individual, )<br>  )<br>             Plaintiff,    )<br>   vs.                       )<br>                             )<br>THE PRIMADONNA COMPANY, L.L.C., a )<br>Nevada limited liability company,    )<br>                             )<br>             Defendant.   )<br>_____ ) | Case No.: 2:15-cv-00575-GMN-GWF<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 33), filed by Defendant Primadonna Company, LLC ("Defendant"). Plaintiff Monique Bennett ("Plaintiff") filed a Response, (ECF No. 34), and Defendant filed a Reply, (ECF No. 35). Plaintiff also filed a Sur-Reply, (ECF No. 43), upon leave of Court. For the reasons discussed below, Defendant's Motion is **GRANTED**.

I.   **BACKGROUND**

This case arises out of Plaintiff's allegations that Defendant violated Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq*. (Am. Compl. ¶¶ 24–28, ECF No. 28). Plaintiff, who is physically disabled, asserts that she is a "resident of the State of California, and a regular visitor to Nevada," specifically Las Vegas. (*Id.* ¶ 8). Plaintiff alleges that prior to her disability, she enjoyed stopping at the Primm Valley Resort and Casino ("Resort") owned and operated by Defendant during her drives to and from Las Vegas. (*Id.* ¶¶ 8, 12). Since becoming disabled, Plaintiff alleges that her full and equal enjoyment of the facilities offered by the Resort is now impeded by "multiple barriers" in violation of the ADA. (*Id.* ¶¶ 13, 18, 20). Plaintiff seeks, *inter alia*, an injunction under the

ADA requiring Defendant to remove barriers to access related to her disability. (*Id.* ¶ 23). Defendant argues in the instant Motion that Plaintiff lacks standing to assert these claims.

## II.     LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits motions to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "[t]he party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists"). Accordingly, the court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A motion to dismiss under Rule 12(b)(1) may be construed in one of two ways. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979). It may be described as 'facial,' meaning that it attacks the sufficiency of the allegations to support subject matter jurisdiction. *Id.* Alternatively, it may be described as 'factual,' meaning that it "attack [s] the existence of subject matter jurisdiction in fact." *Id.* When presented as a factual challenge, a Rule 12(b)(1) motion can be supported by affidavits or other evidence outside of the pleadings. *United States v. LSL Biotechs.*, 379 F.3d 672, 700 n.14 (9th Cir. 2004) (citing *St. Clair v. City of Chicago*, 880 F.2d 199, 201 (9th Cir. 1989)). However, on a factual attack, the court may not "resolve genuinely disputed facts where the question of jurisdiction is dependent on the resolution of factual issues going to the merits." *Kohler v. CJP, Ltd.*, 818 F. Supp. 2d 1169, 1172 (C.D. Cal. 2011) (citations and quotation marks omitted).

## III.    DISCUSSION

Defendant argues that Plaintiff lacks Article III standing because she failed to show an injury in fact as Plaintiff has no intent to return to the Resort. (Second Mot. to Dismiss 5:19–22,

1  ECF No. 33).  "[T]o invoke the jurisdiction of the federal courts, a disabled individual claiming
2  discrimination must satisfy the case or controversy requirement[s] of Article III by
3  demonstrating his standing to sue at each stage of the litigation." *Chapman v. Pier 1 Imports,*
4  *Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (citing U.S. Const. art. III, § 2; *Lujan v. Defenders of*
5  *Wildlife*, 504 U.S. 555, 560 (1992)).

6        To establish standing, a plaintiff must "demonstrate that he has suffered an injury-in-
7  fact, that the injury is traceable to the [defendant's] actions, and that the injury can be redressed
8  by a favorable decision." *Id.*  Moreover, to establish standing in the ADA context, a plaintiff
9  seeking injunctive relief must demonstrate a "real and immediate threat of repeated injury" in
10  the future. *See id.* (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)).  Thus, "an ADA
11  plaintiff suffers an injury-in-fact either because discriminatory architectural barriers deter him
12  from returning to a facility or because they 'otherwise interfere with his access to' the facility."
13  *Id.* at 950 (quoting *Doran v. 7–Eleven, Inc.*, 524 F.3d 1034, 1042 n. 5 (9th Cir. 2008)).

14        Based on the current record in this case, the Court finds that Plaintiff has failed to meet
15  Defendant's factual attack on her Article III standing allegations.  Specifically, Plaintiff has
16  failed to produce any evidence supporting her allegations that she "enjoyed and continue[s] to
17  enjoy vacationing in Las Vegas, Nevada" and that prior to October 13, 2013, she "stopped at
18  the Resort on nearly every trip to Las Vegas, multiple times each year." (*See* Am. Compl.
19  ¶¶ 10, 12, 20, ECF No. 28).  The Court agrees that Plaintiff need not "engage in the futile
20  gesture of visiting or returning to an inaccessible place of public accommodation in order to
21  satisfy the standing requirement." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031,
22  1037 (9th Cir. 2008).  However, "[i]n order to show the actual and imminent nature of her
23  injury, . . . [Plaintiff] must demonstrate her intent to return to the [Las Vegas] area and, upon
24  her return, her desire to stay at the [Resort] if it is made accessible." *Id.* (finding "actual and

imminent" standard met where plaintiff submitted evidence of "the regularity with which she visited the city before, during, and after her stay at the [property with alleged access barriers]").

Because Plaintiff offers no evidence at all in response to Defendant's factual attack, the Court finds that she has failed to establish standing. *See Trentacosta*, 813 F.2d at 1559 (granting defendants' motion to dismiss for lack of subject matter jurisdiction because plaintiff did not present any evidence outside of the pleadings to counter defendants' 12(b)(1) factual attack). The Court therefore lacks jurisdiction to hear this claim and GRANTS Defendant's Motion to Dismiss. However, Plaintiff may be able to satisfy Article III's requirements if she can make factual allegations showing "the regularity with which she visited [Las Vegas] before, during, and after her stay at the [Resort]." *See D'Lil*, 538 F.3d at 1037. The Court therefore grants Plaintiff leave to amend. *See Figy v. Frito–Lay N. Am., Inc.*, 67 F. Supp. 3d 1075, 1085–86 (N.D. Cal. 2014) (granting leave to amend even though plaintiffs failed to offer evidence that the court had subject-matter jurisdiction in the face of defendants' factual attack).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 33), is **GRANTED**. Plaintiff's Amended Complaint, (ECF No. 28), is **DISMISSED without prejudice**. Plaintiff shall have twenty-one days from the filing date of this Order to file a second amended complaint. Failure to file a second amended complaint by this date shall result in the dismissal of Plaintiff's claims with prejudice.

**DATED** this __22__ day of February, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court