UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MONIQUE BENNETT,

Plaintiff,

v.

THE PRIMADONNA COMPANY, LLC.,

Defendant.

Case No. 2:15-cv-000575-GMN-GWF

**ORDER**

**Re: Motion to Compel (ECF No. 63)**

This matter is before the Court on Plaintiff's Motion to Compel (ECF No. 63), filed on December 10, 2018. Defendant, The Primadonna Company ("Primm") filed its Opposition (ECF No. 67) on December 28, 2018. Plaintiff filed her Reply (ECF No. 68) on January 4, 2019. The Court conducted a hearing in this matter on January 10, 2019.

**BACKGROUND**

This action arises out of Defendant's alleged violation of Title III of the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*. *See Second Amended Complaint*, (ECF No. 28). Specifically, Plaintiff alleges Defendant discriminated against her on the basis of her disability and its failure to implement mandatory regulations as provided under Title III of the ADA. *Id*. Defendant denies that Plaintiff is entitled to the relief sought by way of her Complaint and alleges eighteen (18) affirmative defenses. *See Answer to Second Amended Complaint*, (ECF No. 59).

Plaintiff argues that Defendant should be compelled to provide further responses to Plaintiff's interrogatories, and requests for documents. ECF No. 63. Plaintiff alleges on April 19, 2018, she served her second set of interrogatories and requests for production of documents, to which Defendant served its responses on June 1, 2018. *See* Motion, (ECF No. 63), 1-2. Plaintiff

1

represents that on June 29, 2018 counsel began a lengthy meet and confer process regarding the alleged deficiencies in Defendant's responses. *Declaration of Sara Pezeshkpour*, (ECF No. 63-1), 2.

Defendant's argue that it has asserted legitimate privilege objections to Plaintiff's discovery requests and that the requests sought are prior to the disclosure of expert witness reports, which are necessary to provide full and fact-based answers to Plaintiff's requests. ECF No. 67, 2. Defendant further argues that had expert discovery not been continued, at the request of Plaintiff, Defendant would have been able to answer the interrogatories and requests for production at issue. *Declaration of Kristol Bradley Ginapp*, (ECF No. 67-1). Defendant objected to the foregoing requests on the grounds that they are premature, unduly burdensome, impermissibly seek to invade Defendant's counsel's work product privilege, and call for expert or legal professional opinions or legal theories. Thus, the dispute between the parties as to whether expert discovery is necessary given the assertion of Defendant's affirmative defenses ensued.

## **DISCUSSION**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, and whether the burden and expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable."

Under amended Rule 26(b), trial courts are encouraged to exercise their broad discretion to limit and tailor discovery to avoid abuse and overuse, and to actively manage discovery to "secure the just, speedy, and inexpensive determination of every action and proceeding." *Roberts v. Clark County School District*, 312 F.R.D. 594, 601–04 (D. Nev. 2016). The 2015 amendments to the rule "emphasize the need to impose 'reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.' The fundamental principle of amended Rule 26(b)(1) is 'that lawyers must size and shape their discovery requests to the requisites of a

2

case.' The pretrial process must provide parties with efficient access to what is needed to prove a claim or defense but eliminate unnecessary and wasteful discovery. This requires active involvement of federal judges to make decisions regarding the scope of discovery." *Id.* at 603 (quoting Chief Justice Roberts' 2015 Year–End Report).

Per the Courts' discussion at the hearing, Defendant shall respond to each interrogatory and requests for production of documents that request factual information not based on its affirmative defenses. However, Defendant can answer any contention interrogatories and requests pertaining thereto after Defendant discloses its expert witness.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (ECF No. 63) is **granted**, in part, and **denied,** in part as follows:

1. Defendant shall answer Plaintiff's Requests for Production of Documents Nos. 11-14 and 17-19 within **thirty (30)** days from the entry of this Order.
2. Defendant shall answer Plaintiff's Interrogatories Nos. 17, 18, 20, 22 and 23, and Requests for Production of Documents Nos. 2, 4, 5 and 9, after its expert witness disclosure.

DATED this 28th day of January, 2019.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**